UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAYTREND DENONE MOSES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2361** |
| **JEAN LOVETT, SKY NOBLE, NURSE KAREN, R.N.** | **SECTION "H"(4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion for Temporary Restraining Order or Preliminary Injunction (Rec. Doc. No. 5)** filed by the plaintiff, Daytrend DeNone Moses ("Moses"). The motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this motion can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

Moses is incarcerated in the Nelson Coleman Correctional Center ("NCCC") in Killona, Louisiana. On August 26, 2020, he filed a *pro se* and *in forma pauperis* proceeding pursuant to 42 U.S.C. § 1983 against defendants Deputy Mohamed Mahmoud, Deputy Garrett Haun, Sergeant Darryl Richardson, Lieutenant Elizabeth Raiford, and Nurse Juanasha Smith. Moses alleges that he was threatened and injured during a cavity search conducted by Deputy Haun. He also claims that the other defendants did not address his complaints about the incident.

In the instant motion for injunctive relief, Moses complains that on June 15, 2020, he received a piece of legal mail that was opened by the NCCC prison officials before it was given to him. Moses also alleges that the prison adopted a new mail policy which allows the officials to

open all mail and scan it in to be viewed by the inmate at a kiosk. The original mail is kept by the Special Investigative Unit. He complains that the kiosk is used by twenty-six (26) inmates and there is insufficient room at the kiosk to do legal work. He seeks an order from this Court issued to NCCC Warden Alvin Robinson to prevent the Warden and his subordinates from opening mail when the inmate is not present.

## II.     Standards of Review

The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). An injunction is to be the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

Injunctive relief is to prevent future violations, not to punish a defendant for alleged past behavior. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from

past violations."). For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

The Supreme Court has explained that a plaintiff seeking an injunction must show that (1) he has suffered an irreparable injury, (2) remedies available at law such as monetary damages are inadequate to compensate for that injury, (3) a remedy at equity is warranted when considering the balance of hardships between the plaintiff and defendant, and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Association, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). These standards are essentially the same for both preliminary and permanent injunctions, except to obtain a permanent injunction, the plaintiff must normally show actual success on the merits rather than a mere likelihood of success. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987); *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (listing "success on the merits" as a prerequisite for obtaining a permanent injunction).

In keeping with this, Federal Rule of Civil Procedure 65 sets forth the basic framework for the issuance of a preliminary injunction or temporary restraining order. Under this rule, a preliminary injunction may issue *inter alia* "only on notice to the adverse party." For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [plaintiff] before the adverse party can be

3

heard in opposition." The plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65 (b)(1).

### III.     Analysis

Moses seeks injunctive relief against Warden Robinson, who is *not* a party to this suit, because Moses disagrees with the mail policies in place at the prison. These policies are not part of or related to the claims asserted in this civil action. He points specifically to one incident on June 15, 2020, which was two months before he filed this civil action.

Nevertheless, considering the motion and the record, Moses has not met his burden of establishing the need for injunctive relief in this case. The motion contains no indication that he has provided notice to the named defendants in this case of his intent to seek injunctive relief. His motion seeks instead relief from the Warden, a prison official who is *not* a party to this litigation. Moses also has *not* indicated in his affidavit or the motion that he is under any irreparable injury, loss, or damage that would qualify for relief without notice to all parties.

Instead, Moses merely complains about a prison policy that is wholly unrelated to the instant litigation. The mail policies at NCCC are *not* before the Court in this lawsuit to evoke the Court's intervention. Furthermore, a party's injury, whether emotional or physical, and other harm are not irreparable for purposes of Rule 65 if an adequate alternate remedy in the form of monetary damages is available. *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008). Moses has not identified any future (or past) injury that could not be adequately compensated by monetary redress. If he seeks such a recovery and to challenge the prison's mail policy, he is free to do so in a separate and properly filed civil action. In this case, however, Moses has not established his entitlement to temporary or preliminary injunctive relief.

## IV. Recommendation

It is, therefore, **RECOMMENDED** that Moses's **Motion for Temporary Restraining Order or Preliminary Injunction (Rec. Doc. No. 5)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this  19th  day of October, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.