UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAYTREND DENONE MOSES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2361** |
| **MOHAMED MAHMOUD, ET AL.** | **SECTION "H"(4)** |

## ORDER AND REASONS

Plaintiff Daytrend Denone Moses filed a **Motion for Appointment of Counsel (ECF No. 32)** in which he requests appointment of counsel to assist him in pursuing his case. Among the claims asserted in his *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983, remaining before the Court are Moses's claims against defendant Deputy Mohamed Mahmoud for alleged intentional indifference and excessive force causing a fall on stairs in his dormitory in the Nelson Coleman Correctional Center and claims against Sgt. Darryl Richardson and Lt. Elizabeth Raiford for their alleged intentional indifference and failure to intervene in the incident. *See* ECF No. 17, at 18; ECF No. 24.

The motion was scheduled for hearing and Moses was ordered to provide additional information related to his alleged need for counsel and efforts to obtain counsel on his own. ECF No. 33. Moses filed a response indicating that he has twice attempted to contact one attorney and has received no response. ECF No. 36, at 2. He also states that he planned to present his case before a judge, but has concerns with presenting issues of law to a jury. *Id*. at 1-2. The defendants have opposed the motion on the basis that although Moses may be indigent, his case is not of the sort of complex proceeding that would warrant appointment of counsel. ECF No. 35.

A plaintiff in a civil rights case has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court, in its discretion, may appoint counsel to represent a plaintiff in a § 1983 proceeding "if doing so would advance the proper

administration of justice." *Id*. at 213.  Thus, the court is not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless exceptional circumstances warrant the appointment. *Pena v. Brown*, 637 F. App'x 162 (5th Cir. 2016) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994).  The Court considers the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); *Dung Ngoc Huynh v. Baze*, 317 F. App'x 397, 399 (5th Cir. 2009) (citing *Parker*, 978 F.2d at 193).

There are no exceptional circumstances in Moses's case.  Excessive force and failure to protect claims, like those in this case, are not considered complex or exceptional circumstances to require assistance of counsel.  *See, e.g.*, *Lewis v. Brengesty*, 385 F. App'x 395, 397 (5th Cir. 2010) (affirming denial of counsel in § 1983 action alleging excessive force); *see also*, *Kiser v. Dearing*, 442 F. App'x 132, 135 (5th Cir. 2011) ("[T]he legal contours of excessive force claims are well-established and not particularly complex.").  Moses's case likely will involve conflicting testimony, as is the nature of litigation.  However, this conflict is not indicative of an unusual or exceptional circumstance requiring assistance of counsel.  *See James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009) ("conflicting testimony" are among the "common elements in civil rights cases" and does not necessarily "rise to the level of exceptional circumstances.").  The remaining claims, though serious as alleged, are not complex in circumstance or presentation.

Furthermore, any litigant could potentially benefit from assistance with "shaping jury instructions, participating in jury selection, conducting discovery, and engaging in cross-examination," but these incidents do not create exceptional circumstances for purposes of appointing counsel. *Carter v. Allen*, 762 F. App'x 827, 836 (11th Cir. 2019). Moses has adequately represented himself and has demonstrated the ability to file cogent motions, pleadings, and responses on his own behalf. The record presents no circumstance that would warrant appointment of counsel at this time. Should the case develop where the judicial process would benefit from Moses having counsel, the Court can evaluate any change of circumstance at that time. *Ulmer*, 691 F.2d at 213. Accordingly,

**IT IS ORDERED** that Moses's **Motion for Appointment of Counsel (ECF No. 32) is DENIED**.

New Orleans, Louisiana, this  17th  day of February, 2022.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**